**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Andy PIERRE, Defendant–Appellant.**

**No. 15–12809
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 30, 2016.

Amit Agarwal, Wifredo A. Ferrer, Emily M. Smachetti, U.S. Attorney's Office, Miami, FL, Richard Hong, U.S. Securities & Exchange Commission, Washington, DC, Neil Karadbil, U.S. Attorney's Office, Fort Lauderdale, FL, Nancy Vorpe Quinlan, U.S. Attorney's Office, West Palm Beach, FL, for Plaintiff–Appellee.

Panayotta Augustin–Birch, Federal Public Defender's Office, Fort Pierce, FL, Michael Caruso, Federal Public Defender, Federal Public Defender's Office, Miami, FL, for Defendant–Appellant.

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Andy Pierre, through counsel, appeals from the district court's denial of his *pro se* motion for a sentence reduction based on Amendment 782 to the Sentencing Guidelines, pursuant to 18 U.S.C. § 3582(c)(2). On appeal, he argues that he was entitled to a sentence reduction under Amendment 782, because his sentence was based, at least in part, on U.S.S.G. § 2D1.1, and he challenges his career offender designation based on the Supreme Court's decision in *Johnson v. United States*, 576 U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), which held that the residual clause of the Armed Career Criminal Act was unconstitutionally vague.

We review *de novo* a district court's legal conclusions about the Sentencing Guidelines and the scope of its authority under 18 U.S.C. § 3582(c)(2). *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir.2008). Under § 3582(c)(2), a district court may reduce the prison sentence of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2); *see also* U.S.S.G. § 1B1.10(a)(1). Section 3582(c)(2) does not grant the district court jurisdiction to consider extraneous resentencing issues, including collateral attacks on a sentence. *United States v. Bravo*, 203 F.3d 778, 782 (11th Cir.2000). Instead, collateral attacks must be brought under 28 U.S.C. § 2255. *Id.*

For a defendant to be eligible for a reduction under § 3582(c)(2), the Sentencing Commission must have amended the guideline at issue, the amendment must have lowered the defendant's sentencing range, and the amendment must also be listed in U.S.S.G. § 1B1.10(d). *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1) & comment. (n.1(A)). Amendment 782 provided for a two-level reduction in base offense levels for most drug quantities listed in U.S.S.G. § 2D1.1(c), and may serve, when applicable, as the basis for a sentence reduction. *See* U.S.S.G.App. C, amend. 782; *Id.* § 1B1.10(d).

However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *Moore*, 541 F.3d at 1330. Thus, where a defendant's sentence was based on the guideline range for a career offender under U.S.S.G. § 4B1.1, an amendment to the base offense levels applicable to the defendant under U.S.S.G. § 2D1.1 does not affect the guideline range, because the defendant's base offense level under § 2D1.1 "played no role" in the calculation of the guideline range. *Id.* at 1327, 1330.

The district court did not err when it denied Pierre's motion for a reduction of his sentence because he was sentenced based on the career offender guideline under U.S.S.G. § 4B1.1, rather than the drug quantity tables under U.S.S.G. § 2D1.1. Therefore, he is ineligible for relief based on Amendment 782, because the amendment did not alter his guideline range. *Moore*, 541 F.3d at 1327, 1330. Although Pierre now attempts to challenge his ca-

reer offender designation, he cannot challenge that determination in a § 3582(c)(2) proceeding. *Bravo,* 203 F.3d at 782.

**AFFIRMED.**